# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MICHAEL CELESTINE** | \* | **CIVIL ACTION** |
| | \* | |
| **VERSUS** | \* | **NUMBER: 21-00067** |
| | \* | |
| **BRYAN BISSELL, CODY O'DELL** | \* | **HON. JANE TRICHE MILAZZO** |
| **DANIEL GRIJALVA AND** | \* | |
| **DOE INSURANCE COMPANIES** | \* | **MAG. DONNA PHILLIPS CURRAULT** |
| **1-10** | \* | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## INVOCATION OF QUALIFIED IMMUNITY, AFFIRMATIVE DEFENSES AND ANSWER TO PLAINTIFF'S COMPLAINT AND JURY DEMAND

**NOW INTO COURT**, through undersigned counsel, comes defendants, Bryan Bissell, Cody O'Dell, and Daniel Grijalva, and in answer to the Plaintiff's Complaint, respectfully responds to the specific allegations contained in Plaintiff's Complaint as follows:

## INVOCATION OF THE DEFENSE OF QUALIFIED IMMUNITY AND AFFIRMATIVE DEFENSES

Defendants hereby invoke the defense of qualified immunity, which bars Plaintiff's suit against them.

## FIRST DEFENSE

The Complaint fails to state a right, claim or cause of action upon which relief can be granted by these defendants.

## SECOND DEFENSE

In the alternative, Defendants herein affirmatively aver that Plaintiff's alleged injuries and damages were caused by persons or parties over whom these defendants exercised no authority, jurisdiction, control, or supervision, and for whom it is not legally responsible.

**THIRD DEFENSE**

Defendants acted in good faith insofar as enforcing the laws and ordinances of the Parish of Orleans, and the Constitution and laws of the United States of America and the State of Louisiana.

**FOURTH DEFENSE**

In the alternative, and in the event this Honorable Court should find that the Defendants were guilty of any negligence whatsoever, which proximately caused, or contributed to the alleged injuries, which Defendants deny, then Defendants specifically plead contributory negligence/comparative fault on the part of the Plaintiff which would mitigate any recovery on behalf of the Plaintiff.

**FIFTH DEFENSE**

In the alternative, the cause in fact of the damages complained of were the acts of the Plaintiff, whose acts should operate as a complete bar to or diminution of his recovery.

**SIXTH DEFENSE**

Defendants expressly plead the affirmative defense that Plaintiff failed to mitigate his damages.

**SEVENTH DEFENSE**

In the alternative, Defendants aver that Plaintiff assumed the risk of his own injuries.

**EIGHTH DEFENSE**

Defendants specifically plead that it is entitled to the immunity afforded to public officials for discretionary acts as set forth in La. R.S. 9:2798.1

**NINTH DEFENSE**

Defendants specifically plead that it is entitled to immunity as set forth in La. R.S.

92800.10, and all other immunities, jurisprudential, statutory, or otherwise affordable under the law.

## TENTH DEFENSE

Defendants specifically plead that Plaintiff's claims against it are prescribed.

## ELEVENTH DEFENSE

Defendants aver that their actions were reasonable, justified, and legally permissible under the circumstances.

## TWELTH DEFENSE

Defendants submits that Plaintiff's claims are frivolous, groundless, and/or unreasonable, and, as such, Defendants are entitled to an award against the Plaintiff for all attorney's fees and costs expended in this matter pursuant to federal law, and, if applicable, 42 U.S.C. § 1988.

## THIRTEENTH DEFENSE

All action taken by the Defendant herein was taken in good faith, under the law, and without malice.

## FOURTEENTH DEFENSE

To the extent that Plaintiff's Complaint refers to quotes from external documents, statutes, or other sources, Defendants' responses may refer to such materials for a full and accurate statement of its contents; however, Defendants' references are not intended to be, and should not be construed as an admission that the cited materials: are correctly cited or quoted by Plaintiff or relevant to this, or any other, claim.

**AND IN ANSWERING THE SPECIFIC ALLEGATIONS OF PLAINTIFF'S COMPLAINT, DEFENDANTS SUBMIT AS FOLLOWS:**

## INTRODUCTION

**1.**

The allegations set forth in the in paragraph 1 are denied.

**2.**

The statement set forth in paragraph 2 of Plaintiff's Complaint does not appear to require a response from Defendants.   To an extent a response is required, this statement is denied for lack of sufficient information to justify a belief therein.

**3.**

It is denied that Defendants violated Plaintiff's clearly established rights.   It is admitted only that the NOPD is under a Consent Decree with the U.S. Justice Department, which is the best evidence of its contents.

**4.**

The allegations set forth in paragraph 4 of Plaintiff's Complaint are denied.

**5.**

It is admitted only that Plaintiff was arrested and charged with resisting arrest, among other charges.   The remaining allegations contained in paragraph 5 of Plaintiff's Complaint are denied.

**6.**

The allegations set forth in paragraph 6 of Plaintiff's Complaint are denied.

**7.**

It is admitted only that Plaintiff was transported to the hospital.   The remaining allegations set forth in paragraph 7 of Plaintiff's Complaint are denied for lack of sufficient information to justify a belief therein.

**8.**

It is admitted only that Plaintiff was searched several times by Defendants, and that Plaintiff was in possession of narcotics and a gun.   The remaining allegations contained in Paragraph 8 of the Plaintiff's Complaint are denied.

**9.**

The allegation set forth in paragraph 9 of Plaintiff's Complaint is denied for lack of sufficient information to justify a belief therein.

## JURISDICTION

**10.**

Paragraph 10 of Plaintiff's Complaint sets forth Plaintiff's jurisdictional allegations to which no answer is required.   To the extent an answer is required, Defendants aver that this Honorable Court has jurisdiction, and supplemental jurisdiction, over Plaintiff's claims.

**11.**

Paragraph 11 of Plaintiff's Complaint sets forth Plaintiff's venue allegations to which no answer is required.   To the extent an answer is required, Defendants aver that venue is proper in this Honorable Court.

## THE PARTIES

**12.**

Paragraph 12 of Plaintiff's Complaint does not appear to require a response.    To the extent a response is required, the statements contained in Paragraph 12 of Plaintiff's Complaint are denied for lack of sufficient information to justify a belief therein.

**13.**

It is admitted only that Bryan Bissell is currently an employee of NOPD and was so

employed at the time of the complained of conduct.   The remaining allegations set forth in paragraph 13 of Plaintiff's Complaint are denied for lack of sufficient information to justify a belief therein.

**14.**

It is admitted only that Cody O'Dell is currently an employee of NOPD and was so employed at the time of the complained of conduct. The remaining allegations set forth in paragraph 14 of Plaintiff's Complaint are denied for lack of sufficient information to justify a belief therein.

**15.**

It is admitted that Daniel Grijalva is currently an employee of NOPD and was so employed at the time of the complained of conduct.   The remaining allegations set forth in paragraph 15 of Plaintiff's Complaint are denied for lack of sufficient information to justify a belief therein.

**16.**

The answering Defendants deny the allegations set forth in paragraph 16 of Plaintiff's Complaint for lack of sufficient information to justify a belief therein.

**17.**

The allegations set forth in paragraph 17 of Plaintiff's Complaint state legal conclusions which do not require a response.   To the extent a response is required, these allegations are denied for lack of sufficient information to justify a belief therein.

## **FACTS**

### **A. The Unlawful Investigative Stop**

**18.**

The allegations set forth in paragraph 18 of Plaintiff's Complaint are denied for lack of

sufficient information to justify a belief therein.

**19.**

The allegations set forth in paragraph 19 of Plaintiff's Complaint are denied for lack of sufficient information to justify a belief therein.

**20.**

The allegations set forth in paragraph 20 of Plaintiff's Complaint are denied for lack of sufficient information to justify a belief therein.

**21.**

The allegations set forth in paragraph 21 of Plaintiff's Complaint are denied for lack of sufficient information to justify a belief therein.

**22.**

It is admitted only that Ofc. Grijalva was monitoring the intersection of Pauger and North Villere Streets through the Real Time Crime Center. The remaining allegations set forth in paragraph 22 are denied for lack of sufficient information to justify a belief therein.

**23.**

The allegations set forth in paragraph 23 of Plaintiff's Complaint are denied for lack of sufficient information to justify a belief therein.

**24.**

The allegations set forth in paragraph 24 of Plaintiff's Complaint are denied for lack of sufficient information to justify a belief therein.

**25.**

The allegations set forth in paragraph 25 of Plaintiff's Complaint are denied for lack of sufficient information to justify a belief therein.

**26.**

The allegations set forth in paragraph 26 of Plaintiff's Complaint are denied for lack of sufficient information to justify a belief therein.

**27.**

The allegations set forth in paragraph 27 of Plaintiff's Complaint are denied for lack of sufficient information to justify a belief therein.

**28.**

It is admitted only that Plaintiff attempted to evade a lawful investigatory stop.  The remaining allegations set forth in paragraph 28 of Plaintiff's Complaint are denied for lack of sufficient information to justify a belief therein.

**B. The Unlawful Arrest and Unlawful Tasing**

**29.**

The allegations in paragraph 29 are denied for lack of sufficient information to justify a belief therein.

**30.**

It is admitted only that the attempted investigatory stop, pursuit, and detention of Plaintiff were recorded via Ofc. Bissell's Body Worn Camera ("BWC"), which is the best evidence of its contents. The remaining allegations in paragraph 30 of Plaintiff's Complaint are denied for lack of sufficient information to justify a belief therein.

**31.**

It is admitted only that the attempted investigatory stop, pursuit, and detention of Plaintiff were recorded via Ofc. Bissell's BWC, which is the best evidence of its contents. The remaining

allegations in paragraph 31 are denied for lack of sufficient information to justify a belief therein.

**32.**

It is admitted that Ofc. Bissell issued a police report, which is the best evidence of its contents.   The remaining allegations contained in paragraph 32 of Plaintiff's Complaint are denied for lack of sufficient information to justify a belief therein.

**33.**

It is admitted that Ofc. Bissell tased Plaintiff as he was attempting to evade arrest, which is captured on defendant's BWC, and is the best evidence of its contents.

**34.**

The allegations in paragraph 34 of Plaintiff's Complaint are denied.

**35.**

The statements in paragraph 35 of Plaintiff's Complaint do not appear to require a response. To the extent a response is required, the Consent Decree is a written document, speaks for itself, and is the best evidence of its contents.

**36.**

The statements in paragraph 36 of Plaintiff's Complaint do not appear to require a response. To the extent a response is required, the Consent Decree is a written document, speaks for itself, and is the best evidence of its contents.

**37.**

The statements in paragraph 37 of Plaintiff's Complaint do not appear to require a response. To the extent a response is required, NOPD policies are written documents, speak for themselves, and are the best evidence of their contents.

**38.**

The statements in paragraph 38 of Plaintiff's Complaint do not appear to require a response. To the extent a response is required, NOPD policies are written documents, speak for themselves, and are the best evidence of their contents.

**39.**

The statements in paragraph 39 of Plaintiff's Complaint do not appear to require a response. To the extent a response is required, NOPD policies are written documents, speak for themselves, and are the best evidence of their contents.

**40.**

It is denied that Ofc. Bissell's actions violated the Consent Decree and/or NOPD policies, which are the best evidence of their contents.

**41.**

The Consent Decree and/or NOPD policies, which are the best evidence of their contents. The remaining allegations in paragraph 41 are denied for lack of sufficient information to justify a belief therein.

**C. The Unlawful Searches and Unlawful Indifference to Mr. Celestine's Serious Medical Needs.**

**42.**

It is admitted only that the attempted investigatory stop, pursuit, and detention of Plaintiff were recorded via Ofc. Bissell's Body Worn Camera ("BWC"), which is the best evidence of its contents. The remaining allegations set forth in paragraph 42 of Plaintiff's Complaint are denied for lack of sufficient information to justify a belief therein.

**43.**

It is admitted only that the attempted investigatory stop, pursuit, and detention of Plaintiff were recorded via Ofc. Bissell's BWC, which is the best evidence of its contents. The remaining allegations set forth in paragraph 43 of Plaintiff's Complaint are denied for lack of sufficient information to justify a belief therein.

**44.**

It is admitted only that the attempted investigatory stop, pursuit, and detention of Plaintiff were recorded via Ofc. Bissell's BWC, which is the best evidence of its contents. The remaining allegations set forth in paragraph 44 of Plaintiff's Complaint are denied for lack of sufficient information to justify a belief therein.

**45.**

It is admitted only that the attempted investigatory stop, pursuit, and detention of Plaintiff were recorded via Ofc. O'Dell's BWC, which is the best evidence of its contents. The remaining allegations set forth in paragraph 45 of Plaintiff's Complaint are denied for lack of sufficient information to justify a belief therein.

**46.**

It is admitted only that the attempted investigatory stop, pursuit, and detention of Plaintiff were recorded via Ofc. O'Dell's BWC, which is the best evidence of its contents. The remaining allegations set forth in paragraph 46 of Plaintiff's Complaint are denied for lack of sufficient information to justify a belief therein.

**47.**

It is admitted only that the attempted investigatory stop, pursuit, and detention of Plaintiff were recorded via Ofc. O'Dell's BWC, which is the best evidence of its contents. The remaining

allegations set forth in paragraph 47 of Plaintiff's Complaint are denied for lack of sufficient information to justify a belief therein.

**48.**

It is admitted only that the attempted investigatory stop, pursuit, and detention of Plaintiff were recorded via Ofc. O'Dell's BWC, which is the best evidence of its contents. The remaining allegations set forth in paragraph 48 of Plaintiff's Complaint are denied for lack of sufficient information to justify a belief therein.

**49.**

It is admitted only that the attempted investigatory stop, pursuit, and detention of Plaintiff were recorded via Ofc. O'Dell's BWC, which is the best evidence of its contents. The remaining allegations set forth in paragraph 49 of Plaintiff's Complaint are denied for lack of sufficient information to justify a belief therein.

**50.**

It is admitted only that the attempted investigatory stop, pursuit, and detention of Plaintiff were recorded via Ofc. Bissell's BWC, which is the best evidence of its contents. The remaining allegations set forth in paragraph 50 of Plaintiff's Complaint are denied for lack of sufficient information to justify a belief therein.

**51.**

It is admitted only that the attempted investigatory stop, pursuit, and detention of Plaintiff were recorded via Ofc. O'Dell's BWC, which is the best evidence of its contents. The remaining allegations set forth in paragraph 51 of Plaintiff's Complaint are denied for lack of sufficient information to justify a belief therein.

**52.**

It is admitted only that the attempted investigatory stop, pursuit, and detention of Plaintiff were recorded via Ofc. O'Dell's BWC, which is the best evidence of its contents. The remaining allegations set forth in paragraph 52 of Plaintiff's Complaint are denied for lack of sufficient information to justify a belief therein.

**53.**

It is admitted only that the attempted investigatory stop, pursuit, and detention of Plaintiff were recorded via Ofc. O'Dell's BWC, which is the best evidence of its contents. The remaining allegations set forth in paragraph 53 of Plaintiff's Complaint are denied for lack of sufficient information to justify a belief therein.

**54.**

It is admitted only that the attempted investigatory stop, pursuit, and detention of Plaintiff were recorded via Ofc. O'Dell's BWC, which is the best evidence of its contents. The remaining allegations set forth in paragraph 54 of Plaintiff's Complaint are denied for lack of sufficient information to justify a belief therein.

**55.**

The statements in paragraph 55 of Plaintiff's Complaint do not appear to require a response. To the extent a response is required, NOPD policies are written documents, speak for themselves, and are the best evidence of their contents.

**56.**

The allegations set forth in paragraph 56 of Plaintiff's Complaint are denied for lack of sufficient information to justify a belief therein.

**57.**

The allegations set forth in paragraph 57 of Plaintiff's Complaint are denied for lack of sufficient information to justify a belief therein.

**58.**

The allegations set forth in paragraph 58 of Plaintiff's Complaint are denied for lack of sufficient information to justify a belief therein.

**59.**

The allegations set forth in paragraph 59 of Plaintiff's Complaint are denied for lack of sufficient information to justify a belief therein.

**60.**

The allegations set forth in paragraph 60 of Plaintiff's Complaint are denied for lack of sufficient information to justify a belief therein.

**61.**

The allegations set forth in paragraph 61 of Plaintiff's Complaint are denied for lack of sufficient information to justify a belief therein.

**62.**

The allegations set forth in paragraph 62 of Plaintiff's Complaint are denied for lack of sufficient information to justify a belief therein.

**63.**

The allegation set forth in the first sentence of paragraph 63 of Plaintiff's Complaint is denied.  The remaining allegations contained in Paragraph 63 of Plaintiff's Complaint do not appear to require a response.  To the extent a response is required, the remaining allegations contained in Paragraph 63 of Plaintiff's Complaint are denied for lack of sufficient information to

justify a belief therein.

## CLAIMS FOR RELIEF

## COUNT ONE

**Excessive Force in Violation of the Fourth Amendment under 42. U.S.C. §1983
(Against Defendants Bissell and Doe Insurance Companies 1-10)**

**64.**

The statement contained in paragraph 64 of Plaintiff's Complaint does not appear to require

a response.   To the extent a response is required, Defendants incorporate all previous answers to

those paragraphs.

**65.**

The allegations set forth in paragraph 65 of Plaintiff's Complaint are denied.

**66.**

The allegations set forth in paragraph 66 of Plaintiff's Complaint are denied.

**67.**

The allegations set forth in paragraph 67 of Plaintiff's Complaint are denied.

**68.**

The allegation set forth in paragraph 68 of Plaintiff's Complaint is denied.

**69.**

The allegations set forth in paragraph 69 of Plaintiff's Complaint are denied.

**70.**

The allegations set forth in paragraph 70 of Plaintiff's Complaint are denied.

**71.**

The allegations set forth in paragraph 71 of Plaintiff's Complaint are denied.

**72.**

It is admitted only that Ofc. Bissell was acting as an NOPD officer at the time of the alleged incident.

**73.**

The allegations set forth in paragraph 73 of Plaintiff's Complaint are denied.

**74.**

The allegations set forth in paragraph 74 of Plaintiff's Complaint state legal conclusions that require no response.   To the extent a response is required, the allegations contained in paragraph 74 of Plaintiff's Complaint are denied.

**75.**

The answering Defendants deny the allegations set forth in paragraph 75 of Plaintiff's Complaint for lack of sufficient information to justify a belief therein.

## <u>COUNT TWO</u>

**Unlawful Investigative Stop in Violation of the Fourth Amendment under 42. U.S.C. §1983
(Against All Defendants)**

**76.**

The statement contained in paragraph 76 of Plaintiff's Complaint does not appear to require a response.   To the extent a response is required, Defendants incorporate all previous answers to those paragraphs.

**77.**

The allegations set forth in paragraph 77 of Plaintiff's Complaint are denied.

**78.**

The allegations set forth in paragraph 78 of Plaintiff's Complaint are denied for lack of sufficient information to justify a belief therein.

**79.**

The allegation set forth in paragraph 79 of Plaintiff's Complaint are denied.

**80.**

The allegations set forth in paragraph 80 of Plaintiff's Complaint are denied.

**81.**

The allegations set forth in paragraph 81 of Plaintiff's Complaint are denied.

**82.**

It is admitted only that Defendants were acting as NOPD officers at the time of the alleged incident.

**83.**

The allegations set forth in paragraph 83 of Plaintiff's Complaint are denied.

**84.**

The answering Defendants deny the allegations set forth in paragraph 84 of Plaintiff's Complaint for lack of sufficient information to justify a belief therein.

## COUNT THREE

**False Arrest in Violation of the Fourth Amendment under 42. U.S.C. §1983
(Against All Defendants)**

**85.**

The statement contained in paragraph 85 of Plaintiff's Complaint does not appear to require a response.   To the extent a response is required, Defendants incorporate all previous answers to those paragraphs.

**86.**

The allegations set forth in paragraph 86 of Plaintiff's Complaint are denied.

**87.**

It is admitted that Plaintiff was charged with resisting an officer, which charge is the best evidence of its contents.

**88.**

The allegations set forth in paragraph 88 of Plaintiff's Complaint are denied.

**89.**

The allegation set forth in paragraph 89 of Plaintiff's Complaint is denied.

**90.**

It is admitted only that Defendants were acting as NOPD officers the time the alleged incident occurred Except as otherwise admitted, the allegations contained in paragraph 90 of Plaintiff's Complaint are denied.

**91.**

The allegations set forth in paragraph 91 of Plaintiff's Complaint are denied.

**92.**

The answering Defendants deny the allegations set forth in paragraph 92 of Plaintiff's Complaint for lack of sufficient information to justify a belief therein.

## <u>COUNT FOUR</u>

**Illegal Search in Violation of the Fourth Amendment under 42. U.S.C. §1983
(Against All Defendants)**

**93.**

The statement contained in paragraph 93 of Plaintiff's Complaint does not appear to require a response.   To the extent a response is required, Defendants incorporate all previous answers to those paragraphs.

**94.**

The allegations set forth in paragraph 94 of Plaintiff's Complaint are denied.

**95.**

It is admitted only that Ofc. Bissell and O'Dell searched Plaintiff. The body worn camera video is the best evidence of its contents.

**96.**

The allegations set forth in paragraph 96 of Plaintiff's Complaint are denied.

**97.**

The allegations set forth in paragraph 97 of Plaintiff's Complaint are denied.

**98.**

It is admitted that Defendant Ofcs. Bissell and O'Dell were acting as NOPD officers at the time of the alleged incident. Except as otherwise admitted, the allegations contained in paragraph 98 of Plaintiff's Complaint are denied.

**99.**

It is admitted that Ofc. Grijalva was acting as a NOPD officers at the time of the alleged incident. Except as otherwise admitted, the allegations contained in paragraph 99 of Plaintiff's Complaint are denied.

**100.**

The allegations set forth in paragraph 100 of Plaintiff's Complaint are denied.

**101.**

The answering Defendants deny the allegations set forth in paragraph 101 of Plaintiff's Complaint for lack of sufficient information to justify a belief therein.

## COUNT FIVE

**Deliberate Indifference to Serious Medical Needs in Violation of Fourteenth Amendment under 42. U.S.C. §1983
(Against Defendants Bissell, O'Dell and Doe Insurance Companies 1-10)**

### 102.

The statement contained in paragraph 102 of Plaintiff's Complaint does not appear to require a response.   To the extent a response is required, Defendants incorporate all previous answers to those paragraphs.

### 103.

The allegations set forth in paragraph 103 of Plaintiff's Complaint are denied.

### 104.

The allegations set forth in paragraph 104 of Plaintiff's Complaint are denied for lack of sufficient information to justify therein.

### 105.

The statements in paragraph 105 of Plaintiff's Complaint do not appear to require a response.   To the extent a response is required, NOPD policies are written documents, speak for themselves, and are the best evidence of their contents.

### 106.

The allegations set forth in paragraph 106 of Plaintiff's Complaint are denied for lack of sufficient information to justify a belief therein.

### 107.

The allegations set forth in paragraph 107 of Plaintiff's Complaint are denied for lack of sufficient information to justify a belief therein.

**108.**

The allegations set forth in paragraph 108 of Plaintiff's Complaint are denied for lack of sufficient information to justify a belief therein.

**109.**

The allegations set forth in paragraph 109 of Plaintiff's Complaint are denied.

**110.**

It is admitted that Defendant Ofcs Bissell and O'Dell were acting as NOPD officers at the time of the alleged incident. Except as otherwise admitted, the allegations contained in paragraph 110 of Plaintiff's Complaint are denied.

**111.**

The allegations set forth in paragraph 111 of Plaintiff's Complaint state legal conclusions that require no response.  To the extent a response is required, the allegations contained in paragraph 111 are denied.

**112.**

The answering Defendants deny the allegations set forth in paragraph 112 of Plaintiff's Complaint for lack of sufficient information to justify a belief therein.

## COUNT SIX

**Common Law False Arrest**
**(Against All Defendants)**

**113.**

The statement contained in paragraph 113 of Plaintiff's Complaint does not appear to require a response.  To the extent a response is required, Defendants incorporate all previous paragraphs.

**114.**

The allegations set forth in paragraph 114 of Plaintiff's Complaint state legal conclusions that require no response.   To the extent a response is required, the allegations contained in paragraph 114 are denied.

**115.**

The allegations set forth in paragraph 115 of Plaintiff's Complaint state legal conclusions that require no response.   To the extent a response is required, the allegations contained in paragraph 115 are denied.

**116.**

The answering Defendants deny the allegations set forth in paragraph 116 of Plaintiff's Complaint for lack of sufficient information to justify a belief therein.

## COUNT SEVEN

**Common Law Assault**
**(Against Defendant Bissell)**

**117.**

The statement contained in paragraph 117 of Plaintiff's Complaint does not appear to require a response.   To the extent a response is required, Defendants incorporate all previous answers to those paragraphs.

**118.**

The allegations set forth in paragraph 118 of Plaintiff's Complaint are denied.

**119.**

The allegations set forth in paragraph 119 of Plaintiff's Complaint state legal conclusions that require no response.   To the extent a response is required, the allegations contained in

paragraph 119 are denied.

**120.**

The allegations set forth in paragraph 120 of Plaintiff's Complaint state legal conclusions that require no response.  To the extent a response is required, the allegations contained in paragraph 120 are denied.

## **COUNT EIGHT**

**Common Law Battery**
**(Against Defendant Bissell)**

**121.**

The statement contained in paragraph 121 of Plaintiff's Complaint does not appear to require a response.  To the extent a response is required, Defendants incorporate all previous answers to those paragraphs.

**122.**

The allegations set forth in paragraph 122 of Plaintiff's Complaint are denied.

**123.**

The allegations set forth in paragraph 123 of Plaintiff's Complaint state legal conclusions that require no response.  To the extent a response is required, the allegations contained in paragraph 123 are denied.

**124.**

The allegations set forth in paragraph 124 of Plaintiff's Complaint state legal conclusions that require no response.  To the extent a response is required, the allegations contained in paragraph 124 are denied.

**125.**F

## **COUNT NINE**

**Negligence**
**(Against Defendants Bissell, O'Dell and Doe Insurance Companies 1-10)**

**126.**

The statement contained in paragraph 126 of Plaintiff's Complaint does not appear to require a response. To the extent a response is required, Defendants incorporate all previous answers to those paragraphs.

**127.**

The allegations set forth in paragraph 127 of Plaintiff's Complaint state legal conclusions that require no response. To the extent a response is required, the allegations contained in paragraph 127 are denied.

**128.**

The allegations set forth in paragraph 128 of Plaintiff's Complaint state legal conclusions that require no response. To the extent a response is required, the allegations contained in paragraph 128 are denied.

**129.**

The allegations set forth in paragraph 129 of Plaintiff's Complaint are denied.

**130.**

The allegations set forth in paragraph 130 of Plaintiff's Complaint are denied for lack of sufficient information therein.

**131.**

The allegations set forth in paragraph 131 of Plaintiff's Complaint are denied.

**132.**

The answering Defendants deny the allegations set forth in paragraph 132 of Plaintiff's

Complaint for lack of sufficient information to justify a belief therein.

### Prayer for Relief

Any allegations set forth in Prayer paragraph of Plaintiff's Complaint are denied.

### RESERVATION OF RIGHTS

To the extent permitted by law, Defendant reserves its right to supplement and amend this

Answer and to assert additional affirmative defense as future discovery may warrant and/or

require.

Respectfully submitted,


_____/s/ Darren P. Tyus_____
**DARREN P. TYUS, LSB# 30772**
ASSISTANT CITY ATTORNEY
**CORWIN ST. RAYMOND, LSB #31330**
DEPUTY CITY ATTORNEY
**CHURITA H. HANSELL, LSB #25694**
CHIEF DEPUTY CITY ATTORNEY
**DONESIA D. TURNER, LSB #23338**
SENIOR CHIEF DEPUTY CITY ATTORNEY
**SUNNI J. LEBEOUF, LSB # 28633**
CITY ATTORNEY
1300 PERDIDO STREET
CITY HALL - ROOM 5E03
NEW ORLEANS, LOUISIANA 70112
TELEPHONE: (504) 658-9800
FACSIMILE: (504) 658-9868
EMAIL: darren.tyus@nola.gov
*Attorneys for defendants*

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on May 10, 2021, a copy of the foregoing was served, contemporaneously or prior, upon counsel to all parties to this proceeding via the court's CM/ECF system.

*/s/ **Darren P. Tyus***

**DARREN TYUS**
